DECISION OF DISMISSAL
Plaintiff appeals concerning certain real property assessments for the two tax years 2008-09 and 2009-10. This matter is now before the court on Defendant's Motion to Dismiss, filed on January 21, 2010, requesting that the Complaint be dismissed.
A case management conference was held March 10, 2010. Alan Rauen participated on his own behalf; Ron Rodwick appeared for Defendant.
This appeal concerns residential property identified as Account R609002. Plaintiff purchased this home in December of 2007 for $519,000. No appeals were filed for either the 2008-09 or 2009-10 years with the Multnomah County Board of Property Tax Appeals (BOPTA). For 2008-09, Plaintiff requests a reduction in the real market value (RMV) from $479,040 to $431,523. For 2009-10, Plaintiff raises no particular issue with Defendant's RMV. Instead, he requests any 2008-09 reduction be carried forward to affect the 2009-10 maximum assessed value (MAV).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. *Page 2 
Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For both tax years at issue, Plaintiff stated he was unaware of the local appeal process. As a result, the court finds good and sufficient cause is lacking for the failure to pursue timely appeals for 2008-09 and 2009-10. *Page 3 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." (Emphasis added.)
Here, the value range alleged by Plaintiff is less than 20 percent. On a review of the pleadings there is no showing of a gross error.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattsonon March 31, 2010. The court filed and entered this Decisionon March 31, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1